# IN THE MATTER OF THE CONSTITUTIONALITY OF LEGISLATION EXEMPTING PRIVATE SCHOOLS FROM TAXATION.

### OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE PRESIDENT.

Article 97 of the Constitution reads: "From and after December thirty-first, 1895, no public money shall be appropriated or public land conveyed to or for the support or benefit of any sectarian, denominational or private school, or any school not under the exclusive control of the government."

The legislature has authority to exempt from taxes property that is owned or held by any association having or maintaining in or upon such property any sectarian, denominational or private school, and the exercise of such authority would not be in contravention of Article 97 of the Constitution.

An exemption from taxation is not a grant of land or money.

DEPARTMENT OF THE JUDICIARY,

Honolulu, H. I., May 1, 1896.

To the President:

Sir—The question upon which the opinion of the Justices of the Supreme Court is asked by the Executive is stated in your letter of the 28th ult., as follows:

"Has the legislature authority, under Article 97 of the Constitution, to exempt property from taxes that is owned or held by any association having or maintaining in or upon such property any sectarian, denominational or private school?"

Article 97 of the Constitution reads: "From and after December thirty-first, 1895, no public money shall be appropriated or public land conveyed to or for the support or benefit of any sectarian, denominational or private school, or any school not under the exclusive control of the government."

In the absence of constitutional restrictions, the power of the legislature to exempt classes of property or persons from taxation is unquestionable. 25 Am. & Eng. Encyl. of Law, p. 156. The constitutional provisions to secure equality and uniformity of taxation are held not to prohibit the exemption of certain classes from the general law, the rule of equality and uniformity applying only to such objects of taxation as the legislature may select. Id.

The exemption from taxes in question (i. e., of private schools) is not within the letter of the prohibition of Article 97 of the Constitution, which forbids only grants of money or land for such schools, and which does not forbid all aid of any character.

An exemption is not literally a grant of the same amount or a conveyance for the same value. The argument might be made that the release of a certain object of taxation from the operation of the general law necessitates the imposition of heavier taxes for public purposes upon objects not exempt, and that the exemption is equivalent to a grant of money of the same amount to the exempted object. The argument is a rather forced one, and it is doubtful if its premises are true. Cogent reasons may readily be imagined which may have moved the framers of the Constitution to insert the prohibition in question forbidding appropriations of money or conveyances of lands to private schools, which would be not good reasons against exempting of such schools from taxation. As courts are bound to solve reasonable doubts in favor of legislative authority, and must have clear and strong convictions that an Act of the legislature violate the constitutional provision, we feel authorized to advise you that such an Act of the legislature as is the subject of your inquiry would not be in contravention of the 97th Article of the Constitution.

Respectfully submitted,

A. F. JUDD,
W. F. FREAR,
W. AUSTIN WHITING.